THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE V. VACALA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 23-1332 |
| ) | |
| GENERAL RV CENTER, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S, LAWRENCE V. VACALA, COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF**

NOW COMES the Plaintiff, LAWRENCE V. VACALA, by and through his attorneys, Chitkowski Law Offices, and for his Verified Complaint for Breach of Contract and other relief, against the Defendants, GENERAL RV CENTER, INC., a Michigan Corporation, and states as follows:

**PARTIES**

1. Plaintiff, LAWRENCE V. VACALA (hereinafter referred to as "VACALA") are individuals residing at 42950 N Pedersen Lane, in the Village of Antioch, County of Lake, State of Illinois.

2. Defendant, GENERAL RV CENTER, INC. (hereinafter referred to as "GENERAL RV") is a Michigan corporation with has a place of business located at 1400 Automall Dr., Village of Huntley, County of Lake, State of Illinois.

3. GENERAL RV has another location and place of business located at 476 Reno Drive, in the Village of Wayland, in the State of Michigan.

1

## JURISDICTION AND VENUE

4.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, VACALA, on the one hand, and Defendant, GENERAL RV, on the other hand; and (b) the amount in controversy exceeds $75,000.

5.     Venue is appropriate under 28 U.S.C. § 1391(b)(3) and (d), as GENERAL RV is a corporation that has a business location within this district's jurisdiction.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

6.     That on or about August 18, 2021, VACALA entered into a purchase agreement (hereinafter "Contract") with GENERAL RV to purchase a 2022 Viper New – VIN 1FDWE3FNXMDC40425 (hereinafter "Vehicle"). (See Purchase Agreement/Contract, marked as Exhibit A, attached hereto and made a part hereof).

7.     In exchange for and in consideration for the Vehicle, VACALA paid the full purchase amount to GENERAL RV of One Hundred Fifteen Four Hundred Seventy-Four and 38/100 Dollars ($115,474.38) (hereinafter "Purchase Price"). (See Exhibit A, Contract).

8.     Pursuant to the Contract, the Vehicle was "New".  (See Exhibit A, Contract).

9.     On or before August 18, 2021, VACALA spoke with numerous representatives from GENERAL RV regarding the condition of the Vehicle.

10.    In furtherance of purchasing the Vehicle, VACALA was informed by GENERAL RV'S salesman that any defects in the Vehicle would be corrected upon purchasing the Vehicle and at no charge to VACALA.

11.    On or before August 18, 2021, VACALA specifically informed the GENERAL RV'S salesman that there were paint chips coming off of the Vehicle.

12. The GENERAL RV'S salesman stated to VACALA that the paint chips coming off the Vehicle would be immediately corrected upon purchasing of the Vehicle.

13. On or before August 18, 2021, VACALA specifically informed the GENERAL RV'S salesman that there was three-inch (3") gap in the Vehicle's slide-out that needed to be corrected.

14. The GENERAL RV'S salesman stated to VACALA that the three-inch (3") gap in the Vehicle's slide-out would be immediately corrected upon purchasing of the Vehicle.

15. On or about August 18, 2021, based upon the GENERAL RV'S representations, from Dave Richard, regarding the remedying of the paint chips and three-inch (3") gap, VACALA purchased the Vehicle.

16. On or about August 18, 2021, VACALA took possession of the Vehicle.

17. On September 8, 2021, VACALA delivered the Vehicle back to GENERAL RV in order for GENERAL RV to correct the following issues: i) remedy the paint chips; ii) the three-inch (3") gap; (hereinafter "Issues 1") and iii) the panel behind the television driver cab is loose.

18. GENERAL RV stated that all the items provided for in Issues 1 would be resolved.

19. On October 4, 2021, VACALA appeared at GENERAL RV and took possession of the Vehicle based upon GENERAL RV'S representation that Issues 1 have been corrected.

20. Upon re-taking possession of the Vehicle after October 4, 2021, VACALA discovered that only the panel behind the television driver cab had been corrected but that the other items in Issues 1 have not been corrected.

21. On December 16, 2021, VACALA delivered the Vehicle back to GENERAL RV in order for GENERAL RV to correct the following Issues 1 and the additional issues: i) gas cap missing; ii) dining room table was peeling; iii) flooring; iv) the Vehicle was leaning towards one

side; v) key for the upper storage does not work; and vi) the front window slide-out is loose. (hereinafter "Issues 2").

22. GENERAL RV'S representative stated that all of the items provided for in Issues 2 would be resolved.

23. As of December 16, 2021, GENERAL RV has been in possession of the Vehicle.

24. On or about July 28, 2022, VACALA inspected the Vehicle to determine if Issues 1 and Issues 2 have been resolved.

25. As of July 28, 2022, Issues 1 and Issues 2 have not been resolved.

26. Furthermore, as of July 28, 2022, VACALA discovered that there was further damage to the Vehicle which needed to be corrected by GENERAL RV.

27. As of July 28, 2022, the additional items that needed to be corrected were the following: i) the front step threshold strip was coming loose; and ii) there is a large stress crack in the fiberglass on the end cap (hereinafter "Issues 3").

28. On or about July 28, 2022, GENERAL RV'S representative stated that it would be correcting all of the items identified in Issues 1, Issues 2 and Issues 3.

29. Based upon GENERAL RV'S representations that all of the items identified in Issues 1, Issues 2 and Issues 3 would be corrected, VACALA took no further action against GENERAL RV.

30. On or about August 21, 2023, VACALA appeared at GENERAL RV to determine the status of the correction of the items identified in Issues 1, Issues 2 and Issues 3.

31. As of August 21, 2023, none of the items identified in Issues 1, Issues 2 and Issues 3 had been corrected.

32. Furthermore, on or about August 21, 2023, VACALA discovered further damage to the Vehicle which needed to be corrected by GENERAL RV.

33. As of August 21, 2023 the additional item that needed to be corrected was the countertop needed to be replaced (hereinafter "Issues 4").

34. On or about August 21, 2023, GENERAL RV'S representative stated that it would be correcting all of the items identified in Issues 1, Issues 2, Issues 3 and Issues 4.

35. Based upon GENERAL RV'S representations that all of the items identified in Issues 1, Issues 2, Issues 3 and Issues 4 would be corrected, VACALA took no further action against GENERAL RV.

36. Since August 21, 2023, VACALA has not received any response from GENERAL RV regarding the resolution of Issues 1, Issues 2, Issues 3 and Issues 4.

37. On September 14, 2023, VACALA demanded that GENERAL RV return the Purchase Price. (See Letter dated September 14, 2023).

38. To date, VACALA has not received a response from GENERAL RV.

39. To date, GENERAL RV is still in possession of the Vehicle.

## COUNT I
## BREACH OF CONTRACT

1-39. VACALA repeats and re-alleges the allegations contained within paragraphs one (1) through thirty-nine (39) as and for his allegations for paragraphs one (1) through thirty-nine (39) of Count I.

40. That pursuant to the Contract, GENERAL RV agreed to deliver to VACALA the Vehicle that was in "new" condition.

41. That GENERAL RV failed to deliver the Vehicle to VACALA in new condition.

5

42. That VACALA has been damaged by GENERAL RV'S failure to deliver the Vehicle in new condition.

43. That VACALA has demanded that GENERAL RV comply with the terms of the Contract.

44. GENERAL RV has willfully failed to comply with the terms of Contract.

45. As a direct result of GENERAL RV'S failure to comply with the Contract, VACALA has been damaged in the amount of <u>One Hundred Fifteen Four Hundred Seventy-Four and 38/100 Dollars</u> ($115,474.38).

WHEREFORE, the Plaintiff, LAWRENCE V. VACALA, by and through his attorneys, Chitkowski Law Offices, prays that this Honorable Court enter judgment in his favor and against Defendants, GENERAL RV CENTER, INC., in an amount in excess of <u>One-Hundred Fifteen-Thousand Four-Hundred Seventy-Four and 38/100 Dollars</u> ($115,474.38), to be determined at trial, plus interest and costs incurred in pursuing this action, and any further relief this court deems just and equitable.

## COUNT II
## CONSUMER PROTECTION ACT CLAIM

NOW COMES the Plaintiff, LAWRENCE V. VACALA (hereinafter "VACALA") for his Claim pursuant to the Michigan Consumer Protection Act, against the Defendant, GENERAL RV CENTER, INC. (hereinafter "GENERAL RV"), a Michigan corporation, and states as follows:

1-39. VACALA repeats and re-alleges the allegations contained within paragraphs one (1) through thirty-nine (39) as and for his allegations for paragraphs one (1) through thirty-nine (39) of Count I.

40. GENERAL RV is engaged in trade or commerce as that term is defined in M.C.L §445.902.

41. GENERAL RV has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L. §445.903, including but not limited to the following:

…

**(c)** Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

**(d)** Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

**(e)** Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

…

**(q)** Representing or implying that the subject of a consumer transaction will be provided promptly, or at a specified time, or within a reasonable time, if the merchant knows or has reason to know it will not be so provided.

…

**(s)** Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

…

**(y)** Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

42. VACALA has suffered damages as result of these violations of the Michigan Consumer Protection Act.

43. VACALA suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

WHEREFORE the Plaintiff, LAWRENCE V. VACALA, prays that this Honorable Court enter judgment in his favor and against the Defendant, GENERAL RV CENTER, INC., in an amount in excess of <u>One-Hundred Fifteen-Thousand Four-Hundred Seventy-Four and 38/100 Dollars</u> ($115,474.38), to be determined at trial, plus interest, costs, attorney fees incurred in pursuing this action, and any further relief this court deems just and equitable.

## COUNT III
## MISREPRESNTATION CLAIM

NOW COMES the Plaintiff, LAWRENCE V. VACALA (hereinafter "VACALA") for his Claim pursuant to the Misrepresentation Claim, against the Defendant, GENERAL RV CENTER, INC. (hereinafter "GENERAL RV"), a Michigan corporation, and states as follows:

1-39. VACALA repeats and re-alleges the allegations contained within paragraphs one (1) through thirty-nine (39) as and for his allegations for paragraphs one (1) through thirty-nine (39) of Count I.

40. GENERAL RV made material representations to VACALA intended to induce the reliance of VACALA to purchase the Vehicle.

41. GENERAL RV continued to make material representations to VACALA regarding the correction of Issues 1, Issues 2, Issues 3 and Issues 4 intending to induce VACALA not to file suit against GENERAL RV.

42. The material representations did induce the reasonable reliance of VACALA.

43. GENERAL RV made the material representations with actual knowledge of their falsity.

44. GENERAL RV made the material representations with reckless disregard to their truth or falsity.

45. GENERAL RV made the material representations even though it should have known that they were false.

46. These actions constitute a misrepresentation upon VACALA by GENERAL RV.

47. VACALA has suffered damages as a result of these misrepresentations.

48. As a result of these misrepresentations, VACALA continues to suffer damages.

WHEREFORE the Plaintiff, LAWRENCE V. VACALA, prays that this Honorable Court enter judgment in his favor and against the Defendant, GENERAL RV CENTER, INC., in an amount in excess of <u>One-Hundred Fifteen-Thousand Four-Hundred Seventy-Four and 38/100 Dollars</u> ($115,474.38), to be determined at trial, plus interest, costs, attorney fees incurred in pursuing this action, and any further relief this court deems just and equitable.

## COUNT IV
## STATUTORY CONVERSION CLAIM

NOW COMES the Plaintiff, LAWRENCE V. VACALA (hereinafter "VACALA") for his Claim pursuant to the Statutory Conversion Claim, against the Defendant, GENERAL RV CENTER, INC. (hereinafter "GENERAL RV"), a Michigan corporation, and states as follows:

1-39. VACALA repeats and re-alleges the allegations contained within paragraphs one (1) through thirty-nine (39) as and for his allegations for paragraphs one (1) through thirty-nine (39) of Count I.

40. After executing the Contract with VACALA and receiving the Purchase Amount, GENERAL RV made material representations to VACALA intended to induce the reliance of VACALA to leave the Vehicle with GENERAL RV to correct Issues 1, Issues 2, Issues 3 and Issues 4.

41. GENERAL RV took the Vehicle from VACALA and converted it.

42. GENERAL RV'S actions in taking possession of the Vehicle was willful or intentional, and in derogation of the Contract.

43. These acts constitute a willful or intentional conversion under MC §600.2919a entitling VACALA to recover treble the value of the Vehicle converted.

WHEREFORE the Plaintiff, LAWRENCE V. VACALA, prays that this Honorable Court enter judgment in his favor and against the Defendant, GENERAL RV CENTER, INC., in an amount in excess of <u>One-Hundred Fifteen-Thousand Four-Hundred Seventy-Four and 38/100 Dollars</u> ($115,474.38), to be determined at trial, plus interest, costs, attorney fees incurred in pursuing this action, and any further relief this court deems just and equitable.

## COUNT V
## COMMON LAW CONVERSION CLAIM

NOW COMES the Plaintiff, LAWRENCE V. VACALA (hereinafter "VACALA") for his Claim pursuant to the Statutory Conversion Claim, against the Defendant, GENERAL RV CENTER, INC. (hereinafter "GENERAL RV"), a Michigan corporation, and states as follows:

1-43. VACALA repeats and re-alleges the allegations contained within paragraphs one (1) through forty-three (39) of Count IV as and for his allegations for paragraphs one (1) through forty-three (43) of Count V.

40. These actions constitute a conversion at common law, entitling VACALA to recover the value of the Vehicle converted.

WHEREFORE the Plaintiff, LAWRENCE V. VACALA, prays that this Honorable Court enter judgment in his favor and against the Defendant, GENERAL RV CENTER, INC., in an amount in excess of <u>One-Hundred Fifteen-Thousand Four-Hundred Seventy-Four and 38/100 Dollars</u> ($115,474.38), to be determined at trial, plus interest, costs, attorney fees incurred in pursuing this action, and any further relief this court deems just and equitable.

                                               Respectfully submitted,
                                               CHITKOWSKI LAW OFFICES

                             By:    */s/ John J. Chitkowski*
                                               One of its attorneys

John J. Chitkowski – IL ARDC 06205638
Corey B. Stern – IL ARDC 6273102
CHITKOWSKI LAW OFFICES
901 Warrenville Road, Suite 103
Lisle, Illinois 60532
tel. 630-824-4808; fax 630-824-4809
jjc@chitkowskilaw.com
cbs@chitkowskilaw.com

**EXHIBIT A**

# GENERAL RV CENTER
GeneralRV.com

14000 AUTOMALL DRIVE
HUNTLEY, IL 60142
PHONE (847) 669-5570
FAX (847) 669-5104

## Purchase Agreement

| PURCHASER #1 | DATE |
|---|---|
| LAWRENCE V VACALA | 08/18/2021 |
| PURCHASER #2 | Quote # |
|  | 383078 |
| ADDRESS | Customer # |
| 42950 N PEDERSEN LN |  |
| CITY | STATE | ZIP |
| ANTIOCH | IL | 60002 |
| HOME PHONE | COUNTY |
| 847-878-9764 | LAKE |
| CELL PHONE #1 | CELL PHONE #2 |
| 847-878-9764 |  |
| E-MAIL ADDRESS | SALESPERSON |
| LARRY@TYLERLANEWC.COM | RICHARDS, DAVID P |

| NEW | ☒ | YEAR | MAKE | MODEL |
| --- | --- | --- | --- | --- |
| USED | ☐ | 2022 | VIPER | 25V |

VEHICLE IDENTIFICATION NUMBER: 1FDWE3FNXMDC40425
ODOMETER: 0
STOCK NO.: 229058
VEHICLE TYPE: Class C

ACCESSORIES AND/OR EQUIPMENT $ 0.00

**NON-REFUNDABLE DOWN PAYMENT**
CUSTOMER SIGNATURE
MANAGER SIGNATURE
GRV 0410   REV 1017

| | | |
|---|---|---|
| AGREED PRICE | $ | 105,390.00 |
| 1. DOC FEE | | 300.00 |
| 2. SUBTOTAL | | 105,690.00 |
| 3. TRADE ALLOWANCE | 0.00 | |
| 4. TAXABLE PRICE | | 105,690.00 |
| 5. SALES TAX | | 7,534.38 |
| 6. COUNTY TAX | | 0.00 |
| 7. TITLE/LIC/PLATE | | 306.00 |
| 8. OUT OF STATE PUBLIC FEES | | 0.00 |
| 9. TOTAL PRICE | | 113,530.38 |
| 10. OPTIONAL PRODUCTS Paint Protection paid to Platinum Ultimate Plus | | 1,944.00 |

Agreed Price includes all factory and dealer rebates, discounts and incentives, and all dealer freight and preparation charges.

**DESCRIPTION OF TRADE-IN**

| YEAR | MAKE | MODEL | TYPE |
|---|---|---|---|
| | | | |

VEHICLE IDENTIFICATION NO.
APPRAISAL
BY:
CURRENT ODOMETER READING | BALANCE OWED TO | BALANCE OWED

IF THIS IS FOR A USED MOTOR VEHICLE, THE INFORMATION ON THE WINDOW FORM (FEDERAL TRADE COMMISSION) IS PART OF THIS AGREEMENT. THE INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THIS CONTRACT OF SALE.
THIS AGREEMENT IS NOT BINDING UPON THE PURCHASER OR THE DEALER UNTIL SIGNED BY BOTH PARTIES, OR UNTIL CREDIT TERMS ARE APPROVED AND ACCEPTED BY THE DEALER, PURCHASER, AND LENDING INSTITUTION. IF CREDIT TERMS ARE NOT ACCEPTED, FULL DEPOSIT WILL BE REFUNDED TO PURCHASER. AGREEMENT BASED UPON AVAILABILITY OF VEHICLE. PURCHASER IS OF LEGAL AGE IN THIS STATE. YOU ARE AUTHORIZED TO CHECK MY CREDIT HISTORY.

### COMPANY POLICY
We must have your trade title, cashier's check, bank money order or a certified check for the balance of the purchase price, in addition to your down payment. A Document Processing Fee of $300.00 will be charged.

THIS PURCHASE AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN GENERAL RV AND PURCHASER. NO ONE HAS AUTHORITY TO MAKE ANY REPRESENTATION BEYOND THIS AGREEMENT. NO OTHER REPRESENTATIONS OR INDUCEMENTS, VERBAL OR WRITTEN, HAVE BEEN MADE THAT ARE NOT CONTAINED ON THIS DOCUMENT. PURCHASER HAS NOT RELIED ON ANYTHING NOT WRITTEN INTO THIS PURCHASE AGREEMENT. THEREFORE, NOTHING ELSE IS THE BASIS OF THE BARGAIN OR IS ENFORCEABLE AGAINST GENERAL RV, EVEN IF ALLEGED TO BE A MISREPRESENTATION. AS SUCH, A CLAIM OF FRAUD OR MISREPRESENTATION CANNOT BE GROUNDS TO RESCIND OR REVOKE THE PURCHASE OR THIS AGREEMENT. BY SIGNING BELOW, PURCHASER ACKNOWLEDGES THAT PURCHASER HAS RECEIVED A COPY OF THIS AGREEMENT AND THAT PURCHASER HAS READ AND UNDERSTANDS ALL ITS TERMS, INCLUDING THOSE PRINTED ON THE NEXT PAGE. THEY INCLUDE AN "AS IS" CLAUSE, A NON-REFUNDABLE DEPOSIT STATEMENT, A NON-RELIANCE CLAUSE, AND CHOICE OF LAW AND FORUM SELECTION CLAUSES INDICATING THAT MICHIGAN LAW APPLIES TO ALL POTENTIAL DISPUTES AND THAT ALL CLAIMS MUST BE FILED IN MICHIGAN.

| | |
|---|---|
| 20. TOTAL DELIVERED PRICE | 115,474.38 |
| 21. LESS LIEN | 0.00 |
| 22. TRADE EQUITY | 0.00 |
| 23. CURRENT DOWN PAYMENT | 10,000.00 |
| 24. BALANCE | 105,474.38 |

PURCHASER'S SIGNATURE #1 _____
PURCHASER'S SIGNATURE #2 _____
ACCEPTED DEALER'S SIGNATURE _____

PAGE 1 OF 2. SEE PAGE 2 FOR ADDITIONAL CONDITIONS.

GTC 201   REV 0321




September 14, 2023

**Via Certified Mail, Return Receipt Requested, First Class Mail and Facsimile 847-669-5104**
General R.V. Center, Inc.
Mr. Michael J. Ruth, Reg. Agent
14000 Automall Drive
Huntley, Illinois 60142

**Re:   Vacala, Larry/General RV Center**
       **RV: 2022 Viper New – VIN 1FDWE3FNXMDC40425**
       **Our File No.: 23-08-196**

Dear Mr. Ruth:

Please be advised that our Firm represents Lawrence V. Vacala ("Client") in regard to the purchase of the above-referenced recreational vehicle ("Vehicle") from General R.V. Center, Inc. ("General RV Center"). As such, please direct all future correspondence to my attention.

Previously, on August 18, 2021, my Client purchased the Vehicle and paid the full purchase price of $115,474.38. (See Enclosed Contract). In the process of purchasing the Vehicle, my Client noticed numerous small paint chips and a three-inch (3") gap in the slide-out and discussed these visible defects with the salesman from General RV Center. In response, the salesman from General RV Center promised my Client that these defects would be corrected at no charge to my Client. This work would be performed pursuant to the warranty being offered by the Vehicle's manufacturer and performed by General RV Center.

On September 8, 2021, my Client returned the Vehicle to General RV Center to correct the slide-out issue and identified other issues which needed to be addressed, as provided on Customer Work Order # C73592. The slide out issued was allegedly corrected by October 4, 2021, upon which my Client took possession of the Vehicle, but not the paint issues. Thereafter, on December 16, 2021, my Client delivered the Vehicle back to General RV Center to correct the slide-out issue and other issues as identified on Customer Work Order # C77197.



Since December 16, 2021, General RV Center has discovered and documented numerous other issues with the Vehicle, as identified on Customer Work Orders # C77199, C83362, C83458, C90679 and C91871. In June, 2023, my Client appeared at General RV Center to confirm that all the Warranty work was completed. The work was not completed, including the painting of the Vehicle which was not performed at all. As of December 16, 2021, General RV Center has been in possession of the Vehicle, has refused to return any of my Client's telephone calls and refused deliver the Vehicle to my Client.

My Client purchased the Vehicle on the basis of General RV Center's salesman's representations that the known defect issues would be immediately repaired and that General RV Center would promptly correct any other defects pursuant to the Warranty.

Pursuant to Michigan law, the following are the requirements for a fraudulent inducement claim: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. *Cusano v. Gen. RV Ctr.*, No. 19-CV-10434, 2019 WL 13193928, at *4 (E.D. Mich. Aug. 22, 2019).

Additionally, pursuant to Michigan law, the following are the requirements for a negligent or innocent misrepresentation claim: (1) a material misrepresentation by the defendant; (2) the representation was unintentionally false; (3) the representation is made in connection with the contract's formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendant's misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit. *Cusano*, 2019 WL 13193928, at *4. However, with this claim there is no requirement to prove that the defendant acted with a fraudulent purpose or intent. *Id.*

Moreover, regardless of any limitations period provide for in the Parties' contract, my Client will also be asserting a breach of contract claim against General RV Center. Pursuant to Michigan's fraudulent concealment statute:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim … from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim,



although the action would otherwise be barred by the period of limitations.  Mich. Comp. Laws § 600.5855.

In this matter, General RV Center's affirmative conduct creates the liability for fraudulent concealment.  The fact is that General RV Center maintained possession of the Vehicle, thereby preventing my Client from benefitting from the Contract and further inspecting the Vehicle.  Therefore, General RV Center's actions breached the Contract.

    As stated above, my Client has retained this firm to initiate legal action against A. F. Company Contractors seeking **One-Hundred Fifteen-Thousand Four-Hundred Seventy-Four Dollars and 38/100** ($115,474.38) due to General RV Center's failure to provide the Vehicle pursuant to the Contract.  Moreover, General RV Center's actions constituted fraudulent conduct.  You are hereby demanded to contact the undersigned immediately to schedule a meeting to exchange a cashier's check for the amount stated in exchange for the Vehicle's Title within seven (7) days from the receipt of this letter.  Your failure to contact the undersigned will cause legal action to be initiated against General R.V. Center, Inc. for the damages indicated plus all other remedies available to my Client.

Very Truly Yours,
CHITKOWSKI LAW OFFICES

By: _____
John J. Chitkowski

Enc.

Cc:    Mr. Loren Baidas, President, 25000 Assembly Park Dr., Wixom Michigan 48393 (via Certified Mail, Return Receipt Requested and First Class Mail)